IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) No. ) |
| v. | ) ) |
| G.R. SINAGRA CORPORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA, | ) ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiff, TARGIN SIGN SYSTEMS, INC., ("Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, G.R. SINAGRA CORORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA.

## PRELIMINARY STATEMENT

1. This case challenges Defendants' practice of faxing unsolicited advertisements.

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA, common law conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue is proper in the Northern District of Illinois because Defendants committed a statutory tort within this district and a significant portion of the events took place here.

## PARTIES

8. Plaintiff is an Illinois corporation with its principal place of business within this judicial district.

9. On information and belief, Defendant, G.R. SINAGRA CORPORATION, is an Illinois corporation.

On information and belief, Defendant, GARY R. SINAGRA, is an officer, director, shareholder, and control person of G.R. SINAGRA CORPORATION.

2

On information and belief, SINAGRA approved, authorized and participated in the scheme to broadcast faxes by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of faxes to be sent; (d) determining the number and frequency of the facsimile transmissions; and (e) approving or paying the employees or third parties to send the faxes.

## FACTS

10. On or about March 7, 2011, Defendants transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

11. Defendants created or made Exhibit A which Defendants knew or should have known is a good or product which Defendants intended to and did in fact distribute to Plaintiff and the other members of the class.

12. Exhibit A is part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants. Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

13. Plaintiff had not invited or given permission to Defendants to send the faxes.

14. On information and belief, Defendants faxed the same and similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

15. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16. Defendants' facsimiles did not display a proper opt out notice as required by 64 C.F.R. 1200.

3

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

17. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

18. In accordance with FRCP 23, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants did not have prior express permission or invitation for the sending of such faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary.

19. <u>Commonality [Fed. R. Civ. P. 23 (A) (2):</u>  Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

   a) Whether the Defendants sent unsolicited fax advertisements;

   b) Whether the Defendants' faxes advertised the commercial availability of property, goods, or services;

   c) The manner and method the Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit "A" and other unsolicited faxed advertisements;

   d) Whether the Defendants faxed advertisements without first obtaining the recipient's prior permission or invitation;

   e) Whether the Defendants sent the faxed advertisements knowingly;

f) Whether the Defendants violated the provisions of 47 U.S.C. § 227;

g) Whether the Defendants should be enjoined from faxing advertisements in the future;

h) Whether the Plaintiff and the other members of the class are entitled to statutory damages;

i) Whether Exhibit A and Defendants' other advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200; and

j) Whether the Court should award treble damages.

20. <u>Typicality [Fed R. Civ. P. 23 (A) (3):</u> The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received a fax sent on behalf of the Defendants advertising goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the federal statute. The Defendants have acted the same or in a similar manner with respect to the Plaintiff and all the class members.

21. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23 (A) (4):</u> The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

22. <u>Need for Consistent Standards and Practical Effect of Adjudication [Fed R. Civ. P. 23 (B) (1):</u> Class certification is appropriate because the prosecution of individual actions by class members would: a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

5

23. <u>Common Conduct [Fed. R. Civ. P. 23 (B) (2)</u>: Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24. <u>Predominance and Superiority [Fed. R. Civ. P. 23 (B) (3)</u>: Common questions of law and fact predominate and a class action is superior to other methods of adjudication:

    a) Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    b) Evidence regarding defenses or any exceptions to liability that the Defendants may assert and prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

    c) The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one (1) proceeding based upon common proofs;

    e) This case is inherently managed as a class action in that:

        (i) The Defendants identified persons or entities to receive the fax transmissions and it is believed that the Defendants' computer and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

6

(ii) Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense:

(v) A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

25. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…" 47 U.S.C. § 227.

26. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

27. The TCPA provides:

"3. <u>Private right of action.</u>   A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

(A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation;

(B) An action to recover actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

7

    (C)  Both such actions."

  28.  The TCPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if its actions were only negligent.

  29.  The Defendants knew or should have known that a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' goods or services; b) that the Plaintiff and the other class members did not have an established business relationship; and c) that Exhibit "A" is an advertisement.

  30.  The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's fax machine. The Defendants' faxes cost the Plaintiff time, as the Plaintiff and its employees wasted their time receiving, reviewing and routing the Defendants' illegal faxes. That time otherwise would have been spent on the Plaintiff's business activities. The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiff and the other class members from the sending of Exhibit A occurred outside of Defendants' premises.

  31.  The Defendants violated 47 U.S.C. § 227, et seq., by transmitting Exhibit "A" to the Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

  WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, G.R.

SINAGRA CORPORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA, jointly and severally, as follows:

    A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's counsel as counsel for the class;

    B.    That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

    C.    That Court enjoin the Defendants from additional violations; and

    D.    That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

32.    Plaintiff incorporates paragraphs 3 and 4, and 6 through 15 as and for its paragraph 32.

33.    In accordance with FRCP 23, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after a date five years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

34.    A class action is proper in that:

    (a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

    (b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

9

(i) Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii) The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii) Whether Defendants committed the tort of conversion.

35. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

36 A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

37. By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to its own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

38. Immediately prior to the sending of the unsolicited faxes, Plaintiff, and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

39. By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

40. Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

41.     Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

42.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes. Defendants knew or should have known employees' time is valuable to Plaintiff.

43.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result. Defendants' actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendants were using Plaintiff's fax machines for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff employee time, as Plaintiffs' employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, G.R. SINAGRA CORPORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C. That the Court award costs of suit; and

D. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## 815 ILCS 505/2

44. Plaintiff incorporates paragraphs 3 and 4, and 6 through 15 as though fully set forth herein.

45. In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, brings Count III for Defendant's unfair practice of sending unsolicited and unauthorized faxes:

> All persons in Illinois who on or after a date three years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendant.

46. A class action is proper in that:

(a) On information and belief, the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

(b) There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i) Whether Defendant engaged in a pattern of sending unsolicited faxes;

(ii) The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxes;

(iii) Whether Defendant's practice of sending unsolicited faxes violates Illinois public policy;

(iv) Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act;

(v) Whether Defendant should be enjoined from sending unsolicited faxes in the future.

47. Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

48. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

49. Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's messages.

50. Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

51. Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

52. Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited faxes caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's unauthorized purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's unauthorized faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, TARGIN SIGN SYSTEMS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, G.R. SINAGRA CORPORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA, jointly and severally , as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages to Plaintiff and the other class members;

C. That the Court award attorney fees and costs;

D. That the Court enter an injunction prohibiting Defendant from sending unsolicited faxes to Illinois consumers; and

E. Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons

By:  s/Brian J. Wanca
     One of Plaintiff's Attorneys


Brian J. Wanca                              Phillip A. Bock
ANDERSON + WANCA                            BOCK & HATCH, LLC
3701 Algonquin Road, Suite 760              134 North LaSalle Street, Suite 1000
Rolling Meadows, IL  60008                  Chicago, IL  60602
Telephone:  847/368-1500                    Telephone:  312/658-5500