IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TARGIN SIGN SYSTEMS, INC., an Illinois corporation, individually and as the representative of a class of similarly-situated persons,<br><br>       Plaintiff,<br><br>v.<br><br>G.R. SINAGRA CORPORATION d/b/a UNCLE PETE'S PIZZA SHOP OF ADDISON and GARY R. SINAGRA,<br><br>       Defendants. | Case No.: 1:11−cv−07232<br><br>Honorable Edmond E. Chang |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

NOW COMES Plaintiff, pursuant to Fed.R.Civ. P. 23(a), (b)(3) and (g), and hereby submits its Motion for Class Certification.

A. **Proposed Class Definition.**

Plaintiff proposes the following class definition:

All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) from whom Defendants did not obtain prior express permission or invitation to send those faxes, (4) with whom Defendants did not have an established business relationship, and (5) which did not display a proper opt-out notice.

Defendant sent Plaintiff and others a standardized form advertisement.

Plaintiff anticipates that the proposed class definition will change after discovery defines the precise contours of the class and the advertisements that were sent. Because the Seventh Circuit has ruled that a class plaintiff must

file a motion for class certification to avoid a "pick-off," Plaintiff has filed this motion for class certification now, rather than waiting for discovery. *Damasco v. Clearwire Corp.*, No. 10-3934, --- F.3d ---, 2011 WL 5829773 (7th Cir. Nov. 18, 2011). Plaintiff requests leave to submit a brief and other evidence in support of this motion after discovery about the class elements.

B. <u>Numerosity</u>.

A class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Here, on information and belief, Defendant's advertisements were successfully sent to at least 40 facsimile numbers. Individual joinder of absent class members is impracticable.

C. <u>Commonality</u>.

Rule 23(a) also requires "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality is satisfied by showing "a common nucleus of operative fact." *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Defendant engaged in standardized conduct involving a common nucleus of operative facts by faxing a single advertisement form to persons on a list generated by a third party, which did not contain a proper opt-out notice, and did not obtain prior express invitation or permission to send Defendant's advertisement by fax.

D. <u>Typicality</u>.

Rule 23(a)'s third requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Plaintiff's claims and the other proposed class members' claims all arise

from Defendant's fax advertising campaign. Thus, all class member claims' arise from the same transaction or occurrence.

E. <u>Adequacy of Representation</u>.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). There is no antagonism between the interests of Plaintiff and those of the other class members. Plaintiff's counsel are experienced lawyers and they are adequate counsel for the class.

F. <u>Predominance</u>.

Rule 23(b)(3) requires that common questions of law or fact predominate over individual questions. As discussed above, common legal issues predominate because the class members' claims arise under the same federal statute. Common fact issues also predominate because the case involves standardized form advertisements sent to multiple persons at the same time, not personalized, individual correspondence.

G. <u>Superiority</u>.

Rule 23(b)(3) also requires that a class action be the superior method for adjudicating the claims. Certifying a class is the "superior" way when the "'class action would achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods. v. Windsor,* 521 U.S. 591, 615 (1997).

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b)(3) and (g).

Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's attorneys as class counsel.

November 22, 2011     Respectfully submitted,

/s Margaret E. Vincent
One of Plaintiff's attorneys

Brian J. Wanca                           Phillip A. Bock
Ryan M. Kelly                            Tod A. Lewis
ANDERSON + WANCA                         Margaret E. Vincent
3701 Algonquin Road, Suite 760           BOCK & HATCH, LLC
Rolling Meadows, IL 60008                134 N. La Salle St., Suite 1000
Telephone: 847/368-1500                  Chicago, IL 60602
                                         Telephone: 312/658-5500